THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT WAYNE LAFFERTY,

                    Plaintiff,

        v.

MARSHAL GURR, *et al.*,

                    Defendants.

CASE NO. C26-0234-JCC

ORDER

This matter comes before the Court on Defendants' joint motion (Dkt. No. 11) to dismiss Plaintiff's amended complaint (Dkt. No. 10), which Plaintiff filed as of right in accordance with Federal Rule of Civil Procedure 15(a)(1). As Defendants noted when so moving, the complaint (which supersedes all prior ones[1]) does not comport with Rule 8.[2] (*Id.* at 2–5.) Thus, Defendants seek dismissal in accordance with Rule 12(b)(6).[3] The Court agrees. Plaintiff's amended

---

[1] *See, e.g.*, *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 2008 (9th Cir. 2015).

[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

[3] According to the rule, the Court may dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 677–78 (2009). A claim has facial plausibility when the

ORDER
C26-0234-JCC
PAGE - 1

complaint (Dkt. No. 10) does not comport with Rule 8 nor does it state a cognizable claim for relief.[4] Accordingly, the Court GRANTS Defendants' motion (Dkt. No. 11) and DISMISSES that complaint (Dkt. No. 10).

Because these infirmities *may* be curable through permissible amendment, the Court affords Plaintiff leave to file a Second Amended Complaint within 30 days of this order.[5] If no complaint is filed, the Court will issue judgment closing this case shortly thereafter. If one is filed, it becomes the operative complaint and the case can proceed.

So ORDERED this 16th day of March 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. this must go beyond labels and conclusions or a formulaic recitation of the elements of a cause of action. *See Twombly*, 550 U.S. at 545.

[4] The Court cannot consider the later filed complaint (Dkt. No. 13), which Plaintiff described as a "fully completed" amended complaint, as it had not yet provided Plaintiff leave (in accordance with Rule 15(a)(2)) to make this filing. To be clear, Plaintiff's *pro se* status does not excuse him from compliance with the governing rules of procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

[5] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (directive to allow curative amendments to *pro se* complaints).

ORDER
C26-0234-JCC
PAGE - 2