THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT WAYNE LAFFERTY,

Plaintiff,

v.

MARSHAL GURR, *et al.*,

Defendants.

CASE NO. C26-0234-JCC

ORDER

This matter comes before the Court on Defendant Mitchell Peterson's summary judgment motion (Dkt. No. 26) along with Plaintiff's Rule 56(d) request to continue consideration of Mr. Peterson's motion (Dkt. No. 29). Having thoroughly reviewed the briefing and record, the Court GRANTS Mr. Peterson's motion (Dkt. No. 26) and DENIES Plaintiff's Rule 56(d) request (Dkt. No. 29) as explained herein.

This is a civil rights case. Plaintiff alleges that, upon visiting the Snohomish County Superior Courthouse in Everett, its employees violated Plaintiff's First and Fourth Amendment rights (amongst other things). (*See generally* Dkt. No. 19.) He brings claims pursuant to 42 U.S.C. § 1983 (and possibly the Washington State Public Records Act ("PRA")). Presently at issue are the alleged actions of Defendant Mitchell Peterson (and whether they support an actionable civil rights deprivation as a matter of law). (*See generally id.*) At the time of

Plaintiff's visit, Mr. Peterson was a Snohomish County Superior Court Programs Administrator. (Dkt. No. 27 at 1.) Plaintiff sought Mr. Peterson's assistance in acquiring a "complaint form." (Dkt. No. 19 at 11.) Mr. Peterson did not produce it. (*Id.*) Instead, he directed Plaintiff to obtain the form online, and when Plaintiff took issue, Mr. Peterson sought the assistance of law enforcement (already in the building). (*Id.* at 11–14.)

Based on this, Plaintiff affirmatively asserts against Mr. Peterson claims for First Amendment retaliation and Fourteenth Amendment assault and battery. (*Id.* at 16–18, 20–21.) Plaintiff might also be viewed as asserting a claim for violating the PRA, at least if his complaint is liberally construed.[1] (*See generally id.* at 11–12.) Mr. Peterson seeks summary judgment on each, arguing they fail as a matter of law. (*See generally* Dkt. No. 26.) Plaintiff did not lodge a response to the motion. Instead, he asked to stay consideration of it motion to allow Plaintiff more time to gather evidence. (*See generally* Dkt. No. 29.)

Indeed, Plaintiff is entitled to a continuance if he can demonstrate that he "cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d). But he must identify by affidavit the specific facts which further discovery would reveal and explain why those facts would preclude summary judgment. *Tatum v. City and Cnty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006).[2] Plaintiff's request falls well short of this standard. To start, he presents the Court with no affidavit. (*See* Dkt. No. 29.) Instead, he lodged an unsworn document containing non-specific references to the type of information he would seek and the means he intends to obtain this information. (*See generally id.*) Even if the Court were to consider this a proper Rule 56(d) affidavit (which it is not),[3] it is cursory and speculative. "The mere hope that further evidence

---

[1] The Court liberally construes *pro se* complaints in accordance with *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] He must also present some basis for believing this information actually exists. *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986).

[3] Despite his *pro se* status, Plaintiff "must follow the same rules of procedure that govern other litigants." *Baker v. Bell*, 668 F. App'x 703 (9th Cir. 2016) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

may develop prior to trial," without specific detail, is not sufficient to warrant a Rule 56(d) continuance. *Cont'l Mar. of S.F. v. Pac. Coast Metal Trades Dist. Council, Metal Trades Dep't, AFL-CIO*, 817 F.2d 1391, 1395 (9th Cir. 1987); *see Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998). Thus, the Court must decline Plaintiff's request. As a result, it turns to the merits of Mr. Peterson's motion.

Plaintiff's complaint, liberally construed, asserts causes of action against Mr. Peterson for First and Fourteenth Amendment violations, along with a potential PRA violation. (*See generally* Dkt. No. 19.) Mr. Peterson points out, though, that taking Plaintiff's allegations as true (thus negating the need to assess whether there exist genuine issues of fact), each claim fails as a matter of law. (*See generally* Dkt. No. 26.)

The Court will grant summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). And summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

As to Plaintiff's claims based on constitutional deprivations: He contends that (a) he was exercising his free speech rights by requesting a "complaint" form from Mr. Peterson, (b) Mr. Peterson's denial and then his decision to seek law enforcement's assistance was retaliatory (against Plaintiff), (c) Mr. Peterson is responsible for any harm done by law enforcement, and (d) such conduct was of the magnitude to amount to a constitutional deprivation (*See generally* Dkt. No. 19.) The Court disagrees.

A First Amendment retaliation claim requires, at a minimum, a protected activity. And Plaintiff's allegations do not establish he was clearly exercising his First Amendment right(s). For example, he asked for a "complaint," which he sought to lodge immediately and in person (to which Mr. Peterson responded that whatever complaint Plaintiff sought, if available, it would

be online). (Dkt. No. 19 at 11.) And, indeed, there is a First Amendment right to inspect and copy public records. *In re Copley Press, Inc.*, 518 F.3d 1022, 1029 (9th Cir. 2008). But that right does not guarantee *immediate* and unlimited access to those records. *See Pullman v. Schwarzenegger*, 2011 WL 6396631, slip op. at 5 (S.D. Cal. 2011). This seems to be what Plaintiff asked for at the courthouse, (*see* Dkt. No. 19 at 11–13), and this is not a protected activity. Nor is it even clear *what type of complaint* Plaintiff sought (whether that was to assert a lawsuit against a private citizen, for example, or to bring a state tort claim). (*See generally id.*) Given this ambiguity, there can also be no First Amendment retaliation claim. Further, even if Plaintiff had been more specific (and those allegations somehow established a protected activity), Plaintiff would also need to demonstrate that Mr. Peterson demonstrated "retaliatory animus" towards Plaintiff based on this activity and that it had a "casual connection" to Plaintiff's "subsequent injury." *Hartman v. Moore*, 547 U.S. 250, 259 (2006). Again, Plaintiff's allegations do not support these showings. For this and other reasons, Plaintiff's retaliation claim fails as a matter of law.

Plaintiff's Fourteenth Amendment claim is similarly deficient. He suggests Mr. Peterson was complicit in seeking law enforcement assistance. (*See* Dkt. No. 19 at 20–21.) According to Plaintiff, this makes Mr. Peterson liable for their resulting assault and battery. (*Id.*) But Mr. Peterson would need to supervise, manage, or otherwise control those individuals for liability to attach. *See Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). And there are no allegations that Mr. Peterson did any of those things. (*See generally* Dkt. No. 19.) Nor does Plaintiff provide authority for the proposition that without this, liability could still attach. (*See generally id.*) For these and other reasons, Plaintiff's Fourteenth Amendment claim also fails as a matter of law.

Finally, regarding the PRA: Plaintiff briefly cites this regime in his complaint. (Dkt. No. 19 at 11.) He asserts no formal PRA cause of action, (*see generally id.*), but the Court nevertheless addresses the adequacy of one, had it been asserted. At its core, the PRA governs the production of public records. *Germeau v. Mason Cnty.*, 271 P.3d 932, 940 (Wash. Ct. App.

2012). Although such production requires fair notice, based on the characteristics of the request and the record at issue. *Id.* at 941–43. As discussed above, the undisputed facts here suggest Plaintiff's request was far from clear. (*See* Dkt. No. 19 at 11–13.) Even the Court is not sure what type of complaint Plaintiff sought. (*See generally id.*) Regardless, the form of his request was inadequate for an independent reason—it did not comport with Snohomish County's public record request procedures. *See* SCC 2.51.050 (requiring requests be made in writing and directed to Public Records Officer). Without this, there is no fair notice, and no basis for a PRA claim. This claim also fails as a matter of law for this and other reasons.

Accordingly, the Court GRANTS Mr. Peterson's summary judgment motion (Dkt. No. 26) and DENIES Plaintiff's Rule 56(d) request (Dkt. No. 29). All claims against Mr. Peterson are DISMISSED with prejudice.

So ORDERED this 20th day of July 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE